J-A15037-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MICHAEL KEELING | : | |
| | : | |
| Appellant | : | No. 181 EDA 2020 |

Appeal from the PCRA Order Entered December 20, 2019
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0002660-1995

BEFORE:   LAZARUS, J., KING, J., and STRASSBURGER, J.[*]

MEMORANDUM BY KING, J.:                    **FILED JULY 17, 2020**

Appellant, Michael Keeling, appeals *pro se* from the order entered in the Montgomery County Court of Common Pleas, which dismissed as untimely his serial petition filed under the Post-Conviction Relief Act ("PCRA").[1]  We affirm.

The relevant facts and procedural history of this case are as follows. Following a bench trial, the court convicted Appellant of six counts of robbery and three counts of robbery of a motor vehicle on September 26, 1997.  That same day, the court sentenced Appellant to an aggregate term of 60 to 120 years' incarceration.  On December 28, 1998, this Court affirmed the judgment of sentence, and on September 30, 1999, our Supreme Court denied

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S.A. §§ 9541-9546.

allowance of appeal. **See Commonwealth v. Keeling**, 736 A.2d 9 (Pa.Super. 1998), *appeal denied*, 560 Pa. 700, 743 A.2d 916 (1999) (unpublished memorandum).

Between 2000 and 2014, Appellant unsuccessfully litigated three petitions for collateral relief. On July 25, 2019, Appellant filed *pro se* his current PCRA petition. The PCRA court appointed counsel on August 2, 2019. Counsel filed a petition to withdraw and **Turner/Finley**[2] letter on November 6, 2019. On November 14, 2019, the court granted counsel's petition to withdraw and issued notice of intent to dismiss Appellant's petition without a hearing per Pa.R.Crim.P. 907. On December 20, 2019, the PCRA court dismissed Appellant's current petition as untimely. On January 6, 2020, Appellant timely filed *pro se* a notice of appeal and a voluntary statement of errors complained of on appeal per Pa.R.A.P. 1925(b).

Appellant raises the following issues for our review:

> Did the trial court err[] by its failure to grant [Appellant] an extension of his first Post Conviction Relief Act [Petition] (in 2001) for its original deprivation of his inherent rights due to matters outside [Appellant]'s personal control?

> Did the trial court err[] by its failure to recognize (first impression) Montgomery County relinquished control to impose/execute a sentence in 1997 pursuant to both…state speedy trial and federal anti-shuttle on interstate detainer provision/law[?]

---

[2] **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

(Appellant's Brief at iii).

Preliminarily, the timeliness of a PCRA petition is a jurisdictional requisite. **Commonwealth v. Zeigler**, 148 A.3d 849 (Pa.Super. 2016). A PCRA petition, including a second or subsequent petition, must be filed within one year of the date the underlying judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The statutory exceptions to the PCRA time-bar allow for very limited circumstances under which the late filing of a petition will be excused. **See** 42 Pa.C.S.A. § 9545(b)(1).

Instantly, Appellant's judgment of sentence became final on December 29, 1999, upon expiration of the 90-day period to file a petition for writ of *certiorari* in the U.S. Supreme Court. **See** U.S.Sup.Ct.R. 13. Appellant filed the current *pro se* PCRA petition over 19 years later, which is patently untimely. **See** 42 Pa.C.S.A. § 9545(b)(1). Significantly, Appellant failed to plead to and prove in his current PCRA petition any timeliness exception to the PCRA time-bar.[3] **See** 42 Pa.C.S.A. § 9545(b)(1). Therefore, Appellant's

---

[3] To the extent Appellant attempts to invoke the newly-recognized constitutional right exception under Section 9545(b)(1)(iii), relying on **Commonwealth v. Holder**, 569 Pa. 474, 805 A.2d 499 (2002), Appellant

J-A15037-20

petition remains time barred.[4]  **See Zeigler, supra**.  Accordingly, we affirm.

Order affirmed.

Judgment Entered.

*[signature]*

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/17/20

_____

raises that argument for the first time on appeal, so it is waived.  **See** Pa.R.A.P. 302(a) (stating: "Issues not raised in the [PCRA] court are waived and cannot be raised for the first time on appeal").

[4] Moreover, Appellant previously unsuccessfully litigated on direct appeal and/or in prior PCRA petitions the claims he raised in the current petition. Therefore, he is not entitled to PCRA relief in any event.  **See** 42 Pa.C.S.A. § 9543(a)(3) (providing that to be eligible for relief under PCRA, claim must not be previously litigated or waived).